UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DOUGLAS SEARSON, individually and on
behalf of all others similarly situated,

                        Plaintiffs,

                        **ORDER**
      -against-                     CV 07-3909 (DRH)(ARL)

CONCORD MORTGAGE CORP., d/b/a CMC
DIRECT,

                        Defendant.
---------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiffs' motion to compel the production of documents relating to putative class members in this action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Wage and Hour Law. Defendant opposes the application by letter dated April 7, 2008. Defendant contends that the discovery is improper at this stage because the class has not been conditionally certified. For the reasons set forth below, the court agrees that this discovery is premature and thus the plaintiffs' application is denied.

      The plaintiff, a former loan officer for CMC Direct, commenced this action on September 18, 2007 seeking to collect back wages for overtime work on behalf of himself and other similarly situated current and former employees of CMC Direct. On February 20, 2008, the undersigned entered a scheduling order establishing August 19, 2008 as the deadline for the completion of all discovery. The plaintiff has not yet sought conditional certification of the class.

      Courts in this Circuit typically follow a two-step certification process in FLSA collective actions. *See*, *e.g.*, *Sobczak v. AEL Indus., Inc.*, CV 07-1226(BMC), 2007 WL 4934239 (E.D.N.Y. Oct. 22, 2007); *Morales v. PlantWorks,* CV 05-2349(DC), 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006) (collecting cases). Upon plaintiffs' motion, "[a]t the first stage, the court examines the pleadings and affidavits to determine whether the named plaintiffs and putative class members are similarly situated. If the court finds that they are, it conditionally certifies the class and permits notice to be sent to putative class members. At the second stage, the employer can move to decertify the class if discovery reveals that the claimants are not similarly situated." *Id.* (internal citations omitted); *see also Prizmic v. Armour, Inc.,* CV 05-2503(DLI), 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006); *Sipas v. Sammy's Fishbox, Inc.*, 2006 U.S. Dist. LEXIS 24318 (S.D.N.Y. Apr. 24, 2006). At the initial stage, the plaintiff need only make "a modest factual showing sufficient to demonstrate that [she] and the potential plaintiffs together were victims of a common policy or plan that violated the law." *Prizmic,* 2006 WL 1662614 at *5. Because, "at this prediscovery stage in the litigation, the 'inquiry is less stringent than the ultimate determination that the potential plaintiffs are

similarly situated,'"discovery need not be completed. *Sipas*, 2006 U.S. Dist. LEXIS at *6.

Once the plaintiff seeks conditional certification, the court than has broad discretion to order discovery, including the names and addresses of the potential plaintiffs to facilitate the opt-in process. *Id.; see also* Wright, Miller & Kahn*,* 7B Federal Practice & Procedure, §1807 493-495. Accordingly, the discovery sought by the plaintiffs is improper because the class has not been conditionally certified, and thus, the plaintiffs' motion to compel is denied.

Dated: Central Islip, New York  **SO ORDERED:**
      April 8, 2008

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge