UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DOUGLAS SEARSON, individually and on
behalf of all others similarly situated,

                              Plaintiffs,

-against-

                                                    REPORT AND
                                                    RECOMMENDATION
                                                    07-cv-3909 (DRH)(AYS)


CONCORD MORTGAGE CORP., et.
al,


                              Defendants.
----------------------------------------------------------X
**SHIELDS, United States Magistrate Judge:**

         Plaintiff Douglas Shearson ("Shearson") formerly employed as a loan officer for

Defendant Concord Mortgage Corp. d/b/a CMC Direct ("Concord"), commenced this

action on behalf of himself and others similarly situated pursuant to the Fair Labor

Standards Act ("FLSA").  Plaintiff later amended his complaint to add additional claims,

and to name five individuals. That amendment included naming two defendants who later

defaulted, and whose liability are relevant to this motion.

         Presently before this Court is Plaintiff's renewed motion for an award of damages

against the two defendants who defaulted. For the reasons set forth below, this Court

respectfully recommends that the motion be granted, that Plaintiff submit an appropriate

final judgment setting forth the total amount of each award, and that this matter thereafter

be closed.

<u>BACKGROUND</u>

I.      <u>Prior Proceedings</u>

        A.      <u>The Complaint, Amended Complaint and Collective Action Certification</u>

        Plaintiff's initial complaint set forth federal claims seeking wages and related

damages for failure to pay overtime compensation. Docket Entry ("DE") 1. After

engaging in discovery, Plaintiff moved to amend his the complaint to add additional

claims and parties.  He also moved to certify this matter as a collective action. <u>See</u> DE 30

and 33. In a Report and Recommendation issued by the previously assigned Magistrate

Judge, it was recommended that both motions be granted. DE 49. The complaint was

thereafter amended to name additional defendants, and to assert state law overtime and

minimum wage claims as well as claims of failure to pay minimum wages in violation of

federal. <u>See</u> DE 51 (adopting report and recommendation) and DE 50 (amended

complaint). Ultimately, a total of 79 additional Plaintiffs exercised their FLSA right to

opt in to this action.

        B.      <u>The 2010 Default of Defendants Gilbride and Gallagher</u>

        In January of 2010, the Clerk of the Court noted the defaults of individual

Defendants Edward Gilbride ("Gilbride") and Mark Gallagher ("Gilbride") (collectively

the "Defaulting Defendants").  DE 84-85. Judgment was entered against them, but the

District Court made no findings as to damages because Plaintiff sought no such judgment

at the time. Electronic Order dated February 12, 2010. Discovery continued with the non-

defaulting defendants participating.

        C.      <u>2012 Settlement with Non-Defaulting Defendants</u>

        In a status report dated June 15, 2012, Plaintiff informed the Court that the parties

mediated the case, but did not reach settlement. DE 113. The letter also outlined the outstanding discovery for this matter to be trial ready. Id. The time to complete discovery was extended, and a final pretrial conference before the Magistrate Judge was scheduled for September 20, 2012.  Electronic Order dated June 18, 2012.

In a letter dated October 8, 2012, Plaintiff informed the District Court that a settlement had been reached, and stated that a motion to approve the settlement would be submitted. DE 114. Thereafter, counsel submitted a joint motion for settlement approval. DE 115. In an order dated October 15, 2012, the District Court noted that the settlement made no mention of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and appeared to abandon Plaintiff's New York State Labor Law claims.  DE 116.  The District Court also deferred ruling on the settlement pending its receipt of documents showing the earnings of each individual and the awards to be made. Id.

In a letter dated October 15, 2012, Plaintiff provided the information requested by the District Court's order, and confirmed the withdrawal of class claims under Rule 23. He also explained that the terms of the settlement provided for release of all wage and hour claims, including those asserted under New York law. DE 117. On November 19, 2012, the District Court issued a Memorandum and Order approving of the terms of the parties' settlement, provided that settlement payments be made within 15 days of the order, and that a stipulation of discontinuance be filed within 30 days thereof. DE 118. The case was thereafter closed, and the stipulation of discontinuance, albeit late, was filed on April 12, 2013. DE 119.

      D.     The 2013 Re-opening of the Case as Against the Defaulting Defendants

Shortly after settlement of the case with the non-defaulting Defendants, Plaintiff

moved to re-open the case to submit documentation in support of a damages claims against the Defaulting Defendants. DE 120. That motion was granted by order of the District Court dated April 15, 2013. Electronic Order dated April 15, 2013.

E.       The First Motion for Damages

After the case was reopened, Plaintiff moved for an award of damages against Gilbride and Gallagher. DE 121. That motion was referred to the then-assigned Magistrate Judge. See Electronic Order dated May 16, 2013. Plaintiff thereafter fully briefed the motion for damages, and in a Report and Recommendation dated December 19, 2013 (the "2013 R&R"), it was recommended that the motion be denied. DE 124. The requested award was denied because Plaintiff failed to submit proper documentation as to the basis and amount for each Plaintiff's award. See generally DE 124. The deficiencies noted included inconsistent statements as to hours worked, confusion as to the headings appearing in the chart, the failure to set forth specific hours worked for each of the 79 opt-in plaintiffs, and a failure to explain the hourly and overtime wages for each plaintiff. Id.

Plaintiff thereafter filed objections to the 2013 R&R. DE 127. The District Court agreed with the Magistrate Judge that the documentation initially submitted was insufficient, but returned the matter for further analysis upon the submission of clearer damages information.  DE 128. The Magistrate Judge thereafter issued a scheduling order directing Plaintiff to submit further documentation as to damages on or before January 23, 2015.  See Order dated December 23, 2014.

F.       Reassignment and Proceedings before this Court

Three months after Plaintiff's submission of a supplemental declaration, DE 130,

4

this case was reassigned to this Court. See Order dated March 27, 2014. No motion was then pending and this Court therefore contacted the parties and scheduled a hearing on damages for December 12, 2016. Notice of the hearing was given to the Defaulting Defendants. While Gilbride did not appear at the hearing, Gallagher did appear with counsel. After discussing the history of the case, Plaintiff's counsel offered his explanation as to his damages calculations.

The Court then adjourned the proceeding to allow the parties to confer as to a possible settlement. They were directed to report back to this Court as to the status of their discussions on or before January 13, 2017. In event that the parties did not settle, the January 13, 2017 status letter was directed to set a date for Plaintiff to submit a more detailed submission as to damages. Finally, this Court stated that it would hold in abeyance any recommendation as to damages, pending submission of the parties' status letter. See Minute Entry dated December 12, 2016.

On January 13, 2017, Plaintiff submitted the required status letter. DE 133. That letter stated that after the conference, defaulting Defendant Gilbide (who did not appear at the hearing) contacted Plaintiff's counsel. It was reported that, along with defaulting Defendant Gallagher, the parties were engaging in settlement discussions. Although both Gallagher and Gilbride stated that they lacked sufficient funds to satisfy a judgment, the parties requested, and were granted, until February 28, 2017 to report back to this Court as to the status of settlement discussions. Id.; Electronic Order dated January 14, 2017. In a letter dated March 6, 2017, the parties requested an additional 30 days in which to discuss settlement. DE 134. This Court granted that request, and directed that a status letter be filed by April 7, 2017. Electronic Order dated March 6, 2017. On April 7, 2017,

5

Plaintiff stated that while he was continuing to engage in settlement discussions, he requested that May 8, 2017, be set as a date certain for Plaintiff to submit its final motion and submission as to damages.  That request was granted by this Court by order dated April 10, 2017.  Electronic Order dated April 10, 2017.

DISCUSSION

I.      The Present Motion

On May 8, 2017, Plaintiff submitted his damages supplement, and a motion seeking entry of judgment.  DE 136. Despite service of the motion on the Defaulting Defendants, DE 136-2, neither has responded in any way nor contacted the Court with respect to the motion. In light of the foregoing, and the prior notation of default as to both Gallagher and Gilbride, this Court considers the damages motion as unopposed, and turns to decide whether a final judgment in the amount sought should be entered pursuant thereto.

II.     Legal Principles

A.      Standards Applicable to Damages Award Following Default Judgment

Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default. Greyhound Exhibitgroup, Inc v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Olvera v. Los Taquitos Del Tio Inc., 15 CV 1262 (BMC), 2015 WL 3650238, at *1 (E.D.N.Y. 2015); Guaman v. Krill Contracting, Inc., 14 CV 4242 (FB) (RER), 2015 WL 3620364, at *2 (E.D.N.Y. 2015).  Instead, a plaintiff seeking damages from a defaulting defendant must prove entitlement to damages to a "reasonable certainty."  Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999); Olvera, 2015

6

WL 3620364, at *1. Reasonable certainty means that "damages may not be merely speculative, possible or imaginary, but ... directly traceable to the breach, not remote or the result of other intervening causes." Credit Lyonnais, 183 F.3d at 153. While the party seeking damages is entitled to all reasonable inferences from the evidence it offers, a court must, "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Avelar v. Ed Quiros, Inc., 13 CV 7017 (ADS) (GRB), 2015 WL 1247102, at *5 (E.D.N.Y. 2015); Rodriguez v. Almighty Cleaning, Inc., 784 F.Supp.2d 114, 125 (E.D.N.Y. 2011).

The court determining damages has the discretion to hold an evidentiary hearing. Fed. R. Civ. P. 55(b)(2); see Castellanos v. Deli Casagrande Corp., 11 CV 245 (JFP) (AKT), 2013 WL 1207058, at *3 (E.D.N.Y. 2013). Such a hearing is not required, however, so long as documents submitted, such as detailed affidavits, allow the court to conduct an inquiry sufficient to establish damages to a reasonable certainty. Avelar, 2015 WL 1247102, at *7.

B.      Calculating Minimum Wage and Overtime Damages

Plaintiff seeks damages under the FLSA for himself and all members of the opt-in collective. Under the FLSA an employee is entitled to recover amount of any unpaid minimum wages and overtime compensation. See 29 U.S.C. § 216(b). In the absence of a claimed hourly rate, unpaid overtime wages are calculated by multiplying the New York minimum wage rate or the FLSA minimum wage rate, whichever is higher, by 0.5 to determine the additional amount owed per hour over 40 hours worked. 29 U.S.C. § 207(a)(1); NYCCR 12 § 142–2.2; Rodriguez v. Almighty Cleaning, Inc., 784 F.Supp.2d 114, 125 (E.D.N.Y. 2011). That amount is then multiplied by the number of hours of

overtime worked per week to yield a sum of overtime pay owed per week. The totals for each week are then aggregated to calculate the total amount of overtime wages owed. Mendez v. Casa Blanca Flowers, Ltd., 2014 WL 4258943, at * 3 (E.D.N.Y. 2014).

A plaintiff is entitled to overtime wages in the hourly amount of one and one-half times his rate of pay, even if that pay rate exceeds the minimum wage. Thus, where for example, a plaintiff can show that his rate of pay is $20 per hour, his overtime rate of pay will be $30 per hour ($20 rate of hourly pay plus an additional $10 representing 50% of the regular rate of pay). While this can result in an award of damages that is well in excess of the minimum wage, an employer "must respect the statutory policy of requiring the employer to pay one and one-half times the regularly hourly rate for all hours actually worked in excess of [forty]." Avelar v. Quiros, Inc., 2015 WL 1247102, at *5, quoting Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 42 (1944).

C.      Enhanced Damages

Plaintiffs here seek liquidated damages under the FLSA. Federal law provides for enhanced damages equivalent to 100% of the total amount of the wages found to be due. As to such enhanced damages, federal law places the burden of establishing that liquidated damages should not be awarded on the employer. Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir. 1997). Where, as here, the employer defaults, an award of liquidated damages under federal law is appropriate. See Guaman, 2015 WL 3620364, at *10.

D.      Interest

An award of prejudgment interest is not available when an award of liquidated damages applies under the FLSA, and Plaintiffs seek no such award. Unlike prejudgment

8

interest, an award of post-judgment interest is available as of right. <u>Guaman</u>, 2015 WL 3620364, at *11.

        E.    <u>Plaintiffs' Burden</u>

     While the FLSA places the burden of showing hours worked on the employee, <u>see</u> <u>Avelar</u>, 2015 WL 1247102, at *6, the employer is charged with maintaining accurate records of hours worked. <u>Guaman</u>, 2015 WL 362036, at *7. When the employer's records are inadequate, an employee may meet his burden by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." <u>Rivera v. Ndola Pharmacy Corp.</u>, 497 F.Supp.2d 381, 388 (E.D.N.Y. 2007). Where there has been a default in a case alleging wage violations, the plaintiff's recollection and estimates of the hours worked are presumed correct and are often sufficient to support a damages award. <u>E.g.</u>, <u>Rodriguez v. Almighty Cleaning, Inc.</u>, 784 F.Supp.2d 114, 126 (E.D.N.Y. 2011); <u>Chun Jie Yin v. Kim</u>, 2008 WL 906736 *3 (E.D.N.Y. 2008).

II.    <u>The Factual Sufficiency of Plaintiff's Claims and Disposition of the Motion</u>

     Plaintiffs here seek damages for both unpaid minimum and overtime wages. Where wages earned are less than the applicable minimum wage, Plaintiffs seek an award based upon the minimum wage in effect at the time they worked. Plaintiffs who were paid wages in excess of the minimum wage, but were not paid overtime wages, seek overtime rates of pay based upon their individual hourly rates of pay.

     As noted, Plaintiffs' initial application for damages was denied for failure to submit proper documentation. While the prior submission properly used the average of 65 hours a week to calculate damages for all 79 opt-in Plaintiffs, DE 124, it failed in other respects. Thus, the prior submission failed to set forth clearly the hours worked by

each opt-in Plaintiff by work week.  It also failed to set forth the hourly wage for each plaintiff and, consequently, the rate of hourly overtime wage sought by each plaintiff.

Upon the Court's review of the current submission and in comparison with the prior submission, this Court finds that Plaintiffs have now submitted proper documentation in support of their claim for damages.  In particular, there is now documentation as to the specific dates when each plaintiff worked.  Importantly, the current submission also details each individual's hourly, and overtime rates of pay, which are calculated along with the previously referenced 65 hour work week.  The current submission differs also from the previously rejected submission in that information is supplied as to each individual for whom damages is sought, including information as to whether or not particular individuals received any compensation at all.

In view of the cured deficiencies, and in light of the foregoing legal analysis, this Court respectfully recommends that the full amount of damages now requested be granted. In the event that the District Court accepts this Report and Recommendation, Plaintiff should also be directed to submit an appropriate judgment, and this matter should thereafter be closed.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the District Court grant the motion appearing as Docket Entry No. 136.  It is further recommended that upon Plaintiff's submission of a final judgment reflecting the awards, this matter be closed.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to defense counsel via ECF.  Furthermore, the Court directs plaintiff's counsel to (1) to serve a copy of this Report

and Recommendation by first class mail to Defendant at his last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
      January 29, 2018

                                   /s/ Anne Y. Shields
                                   ANNE Y. SHIELDS
                                   United States Magistrate Judge